UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARIO M. CONTRERAS, | \* | CIV 17-4075 |
| | \* | CR 12-10047 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | ORDER APPOINTING COUNSEL |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mario M. Contreras has filed four motions seeking appointment of a lawyer to represent him in his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docs. 19, 44, 54 and 69.)

It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.'" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993)). Although there is no constitutional right to appointment of counsel in habeas proceedings, a court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2255. 18 U.S.C. § 3006A(a)(2)(B). The Eighth Circuit has discussed the circumstances in which the appointment of counsel is appropriate:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

*Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)(internal citations omitted); *see also McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990).

Applying the Eighth Circuit's reasoning, this Court finds that Mr. Contreras has presented a nonfrivolous claim. Among other things, he claims that medical records show a pre-existing heart defect may have caused his daughter's death. This issue alone is complex and Mr. Contreras is hampered in his ability to investigate the facts. Mr. Contreras has found a lawyer who is willing to represent him, and that lawyer has identified issues that may necessitate medical testimony and an evidentiary hearing. The Court finds that the appointment of counsel would benefit Mr. Contreras and the Court to such an extent that the interests of justice require the appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).[1] Christopher D. Dohrer is willing to accept this appointment. Accordingly,

IT IS ORDERED:

1. That the motions for appointment of counsel are granted (docs. 19, 44, 54 and 69), and Christopher D. Dohrer, Attorney at Law, 202 South Main Street, Suite 230, Aberdeen, SD 57401, is appointed, pursuant to 18 U.S.C. § 3006A(b), to represent Mario M. Contreras in this action.

Dated this ____ day of November, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
(SEAL)   DEPUTY

---

[1] The Court also finds and concludes that Mr. Contreras is a "person financially unable to obtain adequate representation" within the meaning of 18 U.S.C. § 3006A(a) and therefore a "financially eligible person" within the meaning of 18 U.S.C. § 3006A(a)(2)(B).