UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARIO M. CONTRERAS, | \* | CIV 17-4075 |
| | \* | CR 12-10047 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On March 16, 2021, Movant Mario M. Contreras ("Contreras") was ordered to sign and return the attorney-client waiver form to the Clerk for filing by April 15, 2021. (Doc. 174). That was the third time the Court had issued an Order directing Contreras to sign and file the waiver form in order to allow his trial lawyer to address the ineffective assistance of counsel claims raised in this § 2255 action.[1] (Docs. 138, 156, 174.) Contreras was cautioned that "if he does not sign and file the attorney-client waiver form by April 15, 2021, the Court will dismiss the ineffective assistance of counsel claims alleged in the Amended Petition." (Doc. 174, p. 3.)

Contreras has neither filed the waiver form nor sought an extension of time within which to do so. Instead, he responded that he is a veteran who served three deployments in the Middle East, that his trial lawyer was Iranian, and that he doesn't believe signing the attorney-client privilege waiver form will ensure he is treated fairly. (Doc. 176.) Unfortunately, Contreras is deliberately

---

[1] In addition to the three Orders, on August 11, 2020, the Court directed the lawyer who represented Contreras on that date to advise the Court of the status of the waiver form, including whether Contreras understood that his claims of ineffective assistance of counsel were subject to being stricken if the waiver form was not signed and returned. (Doc. 140.) Attorney Hagen's response indicated that he sent the Court's Order and the attorney-client waiver form to Contreras on June 1, 2020, and he explained the significance of the Order and the underlying procedure. (Doc. 141.) After Contreras was transferred to a new facility in July of 2020, Hagen resent the documents and attempted to contact Contreras, but to no avail. Attorney Hagen resent the documents again in August and was able to talk to Contreras on August 14, 2020. Contreras indicated that he was aware of the purpose of the waiver form, and that he would sign and return it.

disregarding the Court's Orders in the face of clear warnings that his ineffective assistance of counsel claims will be dismissed if he fails to comply.

As previously explained, Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action if the plaintiff fails to comply with a court order. Fed.R.Civ.P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986). Under the same rule, a district court may dismiss an action for failure to prosecute. Such authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss sua sponte under Rule 41(b)). The Court's first Order directing Contreras to sign a waiver of the attorney-client privilege was issued on May 29, 2020. (Doc. 138.) This case has been unnecessarily delayed for almost a year by Contreras's failure to sign a waiver form.

Contreras has been given plenty of opportunities to follow the Court's Orders and to waive the attorney-client privilege to the extent that his trial lawyer could respond to the allegations of ineffective assistance, which would allow the government to file a response to the Amended Petition. Despite the Court's efforts, Contreras refuses to sign and file the waiver form. Thus, Contreras's ineffective assistance of counsel claims will be dismissed for want of prosecution due to his failure to comply with this Court's Orders. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating in the federal habeas context that "[the petitioner's] failure to comply with an order of the court is grounds for dismissal with prejudice"). Accordingly,

**IT IS ORDERED**:

(1) That the claims of ineffective assistance of counsel alleged in the Amended Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, Doc. 135, are dismissed with prejudice;

(2) That the United States shall file an answer to the actual innocence claim asserted in the Amended Petition within thirty (30) days after entry of this Order;

(3) That Mr. Contreras may submit a reply to the government's answer within thirty (30) days after receipt of the answer;

(4) That the motion to testify, Doc. 176, is denied.

Dated this 6th day of May, 2021.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

3