UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARIO M. CONTRERAS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:17-CV-04075-LLP<br><br><br><br>ORDER |

On May 6, 2021, the Court issued an Order dismissing Petitioner's ineffective assistance of counsel claims for want of prosecution due to his failure to comply with several Orders directing him to sign and file a form waiving the attorney-client privilege. (Doc. 184.) The purpose of the waiver was to allow Petitioner's trial lawyer to respond to the ineffective assistance of counsel allegations set forth in the Amended § 2255 Petition. The Government was unable to respond to the claims of ineffective assistance of counsel without input from Petitioner's trial lawyer.

After the ineffective assistance of counsel claims were dismissed, the only remaining claim was that Petitioner is actually innocent. On June 7, 2021, the United States filed a response requesting dismissal of Petitioner's claim that he is actually innocent of the crimes of conviction. (Doc. 187.)

On July 6, 2021, current counsel for Petitioner filed a Notice of Appearance and a Motion for Extension of Time to file a reply brief. (Docs. 188 and 189.) The Motion for Extension of Time was granted, allowing Petitioner to have until August 18, 2021, to file a reply to the Government's response. (Doc. 190.)

On July 15, 2021, Petitioner's counsel filed a Motion for Reconsideration, asking the Court to reconsider its dismissal of the ineffective assistance of counsel claims. (Doc. 191.) Contreras wrote his current lawyer about why he did not sign the waiver form and said, among other things, that he "was fearful of testifying against Iranians" and "other non-relevant issues." (*Id.*) Petitioner's current lawyer

believes Petitioner might be willing to waive his attorney client privilege when she has a chance to meet with him and explain the reason it is needed. (*Id.*) The Government resists the motion for reconsideration. (Doc. 192.)

As the Eighth Circuit has noted, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999). The Eighth Circuit has held "that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' " *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir. 2003)). Rule 60(b) empowers courts to relieve a party "from a final judgment, order, or proceeding" for several specific reasons and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Under Rule 60, "[t]he district court 'may' relieve a party from an order when, for example, the party demonstrates 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason justifying relief from the operation of the judgment.' " *Elder-Keep,* 460 F.3d at 984, n.5 (citing Fed. R. Civ. P. 60(b)(1), (6)). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 371 (8th Cir. 1994)). Rule 60(b) motions are "grounded in equity" and exist " 'to prevent the judgment from becoming a vehicle of injustice.' " *Id.* (quoting *MIF Realty L.P. v. Rochester Assocs.,* 92 F.3d 752, 755 (8th Cir. 1996)). District courts have " 'wide discretion in ruling on a Rule 60(b) motion' " and the Eighth Circuit will reverse only " 'for a clear abuse of discretion.' " *In re Levaquin Prods. Liab. Litig.,* 739 F.3d 401, 404 (8th Cir. 2014) (quoting *Jones v. Swanson,* 512 F.3d 1045, 1049 (8th Cir. 2008)).

Here, counsel for Petitioner failed to articulate a legal basis for the motion to reconsider. *See* LR 7.1(B) (2015) (requiring, for most motions, that the moving party "must serve and file a brief containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which the movant relies"). Instead, counsel said Petitioner did not understand why he should waive his attorney-client privilege, and that she believes Petitioner will sign the waiver form once she meets with him and explains the reason it is required.

In its Order dismissing the ineffective assistance of counsel claims, the Court specifically based its decision on Petitioner's repeated failure to comply with court orders directing him to execute a waiver of the attorney-client privilege which resulted in delaying the case for almost a year. Petitioner still has not signed and filed the waiver form. Reviewing the motion for reconsideration under the Rule 60(b) standards outlined above, the Court finds no mistake, surprise, inadvertence or other grounds upon which to deviate from its previous order.

The Motion for Reconsideration will be denied without prejudice to Petitioner's right to file a subsequent Rule 60(b) motion if it is accompanied by a signed waiver of Petitioner's attorney-client privilege, and if a legal basis for the Rule 60(b) motion is articulated. The fact that the Court would consider a more substantive motion does not mean that the motion would be granted. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 191) is denied without prejudice.

Dated this 21st day of July, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK