UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARIO M. CONTRERAS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:17-CV-04075-LLP<br><br><br><br>ORDER |

Pending before the Court are two requests for audio recordings filed by Movant, Mario Contreras ("Contreras"). For the following reasons the requests are denied.

**BACKGROUND**

Contreras was convicted by a jury of murder and assault resulting in serious bodily injury. The victim was his young daughter, A.C. He was sentenced to 360 months' imprisonment on each count, concurrent. (CR. Doc. 180.) On direct appeal, the Eighth Circuit affirmed his conviction and sentence. *See United States v. Contreras*, 816 F.3d 502 (8th Cir. 2016). His petition for rehearing was denied on July 14, 2016.

On May 31, 2017, Contreras filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). On July 26, 2017, the government filed a response and a motion to dismiss for failure to state a claim. (Docs. 47, 48.) The Court appointed two lawyers for Contreras. The first lawyer took no action and was terminated by this Court. The second lawyer was able to work with Contreras to prepare and file an Amended Petition on April 24, 2020. (Doc. 135.) The Amended Petition asserts the following claims of ineffective assistance of trial counsel:

- failure to identify medical evidence that supported the alternative theory of causation relating to a heart defect;

- failure to interview and document testimony from physician John Levintis, who - according to Contreras - would have testified to a latent heart issue that required consultation of a cardiologist and affirmed that Dr. Levintis had made a referral for a consultation in November 2011; and

- failure to invoke Rule 16 and Brady to compel the Government to turn over the exculpatory medical evidence relating to Cook Contreras's medical condition;

(Doc. 135, p. 5.) The Petition also asserts a claim of actual innocence. The relationship between Contreras and his second lawyer deteriorated, and the Court allowed that lawyer to withdraw as counsel for Contreras.

On July 6, 2021, a new lawyer filed a Notice of Appearance for Contreras. (Doc. 188.) Recently, she was able to obtain Contreras's signed waiver of his attorney-client privilege with his trial counsel in order to allow trial counsel to address the ineffective assistance of counsel claims. It does not appear that Contreras's new lawyer is involved in his requests for audio recordings.[1]

The first of Contreras's pro se requests for audio recordings is dated August 31, 2021. There, he requests an audio recording of the voir dire that took place in Contreras's criminal trial on July 29, 2013. He also requests an audio recording of the trial testimony of Dr. Victor Froloff at the criminal trial on July 31, 2013.[2] The second pro se filing dated September 28, 2021 requests an audio recording of an ex parte telephonic hearing held by this Court in this § 2255 action on March 19, 2020.

## DISCUSSION

As best the Court can ascertain from Contreras's filings, he believes the Clerk of Court is required by law to send him the requested audio recordings. That is incorrect. Rule 57.2 of the Criminal Local Rules of Practice for the United States District Court District of South Dakota provides:

> If a proceeding has been recorded electronically and the electronic recording constitutes the official record, the clerk of court will arrange, upon the request of any party, to have a transcript prepared from the electronic recording. The requesting party will be responsible for any costs associated

---

[1] Though Contreras wrote his lawyer's name on one of the forms dated September 28, 2021, Contreras is the one who signed the form.

[2] Dr. Froloff also testified on July 30, 2013.

with producing a transcript in accordance with the directives of the Administrative Office of the United States Courts. *Recordings will not be released to parties or the public.*

D.S.D. Crim. LR 57.2 (emphasis added). Contreras does not have a right to obtain copies of the audio recordings of his proceedings or to obtain copies in electronic as opposed to printed form. *Accord Tamburino v. Taylor,* 2017 WL 5476375, at *5 (W.D. Mich. Nov. 15, 2017) ("Plaintiff does not have a constitutional right to an accurate video and audio recording of his proceedings."). Transcripts of voir dire and of the trial, including Dr. Victor Froloff's trial testimony, already have been prepared and are filed in the criminal case against Contreras, CR 12-10047. (Docs. 158, 160.) In addition, a transcript of the March 19, 2020 ex parte telephone conference has been filed in this § 2255 case, CIV 17-4075. (Doc. 193.)

It does not appear that voir dire or the ex parte telephone conference is relevant to the issues in this § 2255 action. In any event, Contreras's lawyer will be able identify whether there are transcripts that are necessary to pursue the claims in this case. The Court directs Contreras to work with his new lawyer on these issues, and to refrain from filing any further pro se requests for audio recordings. Accordingly,

**IT IS ORDERED:**

1. That Contreras's requests for audio recordings are denied and he is directed not to file any further requests.

2. That, after filing copies of the requests, the Clerk of Court shall return to Contreras all of the documents received in conjunction with his requests for audio recordings, along with a copy of this Order.

Dated this 27th day of October, 2021.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____

3